Brian D. Myers, State Bar No. 017396
**RIDENOUR, HIENTON, KELHOFFER,**
 **LEWIS & GARTH, P.L.L.C.**
201 North Central Avenue, Suite 3300
Phoenix, Arizona 85004-1052
(602) 254-9900
bdmyers@rhhklaw.com

Attorneys for Plaintiff Lisa A. Zeller

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LISA A. ZELLER, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEW HORIZON CREDIT INC., an Indiana Corporation,<br><br>　　　　　Defendant. | No.<br><br>**COMPLAINT**<br><br>(Violation of Fair Debt Collection Practices Act – 15 U.S.C. § 1692 et seq.; Violation of Fair Credit Reporting Act – 15 U.S.C. § 1681 et seq.; Defamation; Negligent Infliction of Emotional Distress) |

Plaintiff LISA A. ZELLER, for her Complaint against Defendant NEW HORIZONS CREDIT, INC., an Indiana corporation, states and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff LISA A. ZELLER ("Plaintiff") is and was at all times material hereto a resident of Maricopa County, Arizona.

2. Defendant NEW HORIZON CREDIT, INC. ("New Horizon"), is and was at all times material hereto an Indiana corporation duly licensed in the State of Indiana as a collection agency with its principal place of business in Indiana.

3. New Horizon caused events to occur in Maricopa County, Arizona, within the jurisdiction of this Court which form the basis for this Complaint.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and venue is proper before this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5.  Plaintiff hereby incorporates by reference each of the allegations set forth in Paragraphs 1 through 4 of this Complaint as though fully set forth hereinafter.

6.  In or about February, 1995, Plaintiff became the holder of an AT&T Universal Card for an open line of credit.

7.  In or about early-to-mid 1997, Plaintiff made various payments toward the outstanding balance.

8.  At some point after 1998, Plaintiff's account was acquired by Citibank Universal Card ("Citibank").

9.  In or about April, 1999, Plaintiff entered into an agreement with Citibank to resolve the amount owed on this account. Plaintiff's last payment on this account was more than six years ago in April, 1999.

10. Based on Citibank's reporting to the credit bureaus, Citibank charged off any remaining alleged debt owed on this account in or about July, 2001. Although, Plaintiff disputes that any debt existed at that time.

11. Upon information and belief, Citibank erroneously sold this alleged debt directly to, or through a subsequent purchaser, to at least four debt collection agencies prior to New Horizon: Unifund Corporation ("Unifund"), Asset Acceptance ("Asset Acceptance") L.L.C., Triton Capital, Inc. ("Triton"), and Financial Credit Services("FCS").

12. Upon purchasing this alleged debt, the four debt collection agencies reported this alleged debt to the credit bureaus.

13. In or about mid-October, 2004, Plaintiff notified all four debt collection agencies of the error in writing, asking for validation of the debt and for the companies to refrain from reporting the alleged debt until such validation occurred.

14. These debt collection agencies, with the exception of Unifund, verified that the debt was not owed and closed their accounts and corrected their reports to the credit bureaus.

15. In December 2004, Plaintiff attempted to secure a mortgage on a new home, but the continued reporting of the debt negatively affected Plaintiff's FICO score and ability to secure a favorable interest rate on the loan.

16. Unifund delayed the process to clear Plaintiff's debt for unspecified reasons. On or about May 12, 2005, and based solely on her need to secure financing at that time, Plaintiff entered into a settlement with Unifund on the alleged debt, without any admission of the validity of the debt, and for good and fair compensation.

17. On or about May 15, 2005, Unifund notified the credit bureaus to remove the debt from the record on the basis that the debt had been satisfied.

18. On October 25, 2005, Plaintiff received a voicemail message from Jason Galloway ("Galloway"), an employee of New Horizon, who fraudulently misrepresented himself to be from the payroll department of Plaintiff's employer, Washington Mutual. Galloway asked Plaintiff to call him back at a given phone number in regards to a payroll issue on account number #321919. Plaintiff retained a copy of the voicemail recording.

19. Plaintiff returned the phone call for what she thought was a payroll issue, she found out that Jason Galloway was an employee and debt collection agent for New Horizons, and that he was actually calling about the alleged Citibank debt that had been sold to Unifund, Asset Acceptance, Triton Capital, and FCS. Galloway further informed Plaintiff that her New Horizon's file/account number for her alleged debt is #321919.

20. Plaintiff, by and through her counsel, notified New Horizon that the alleged debt was not valid, and even if it was valid had been satisfied through Unifund. In addition, Plaintiff, by and through her counsel, notified New Horizon of Galloway's misrepresentation regarding his identity and violation of the Fair Debt Collection Practices Act.

21. Plaintiff, by and through her counsel, upon notifying New Horizon that the alleged debt was not valid, demanded that New Horizon not contact Plaintiff any further and not to report the invalid alleged debt to the credit bureaus.

22. A few weeks prior to any reporting of the alleged debt to the credit bureaus by New Horizon, Plaintiff applied for financing for the purchase of a certain piece of real property in Phoenix, Arizona. At that time, Plaintiff was offered an interest rate of six and one quarter percent (6 ¼%) per annum.

23. Despite being advised of the invalidity of the alleged debt, and after failing to perform any good faith due diligence regarding the validity of the alleged debt, New Horizon reported the alleged debt to the credit bureaus.

24. New Horizon's unjustified reporting of alleged debt to the credit bureaus negatively affected Plaintiff's FICO score and her credit report.

25. In or about late November, 2005, and without knowledge of New Horizon's reporting of the alleged debt, Plaintiff was informed by her lender that, based on the change in her FICO score and the alleged debt reported by New Horizon, the lowest interest rate available to her was seven and three-quarters percent (7 ¾%) per annum.

26. As a direct and proximate result of New Horizon's conduct, Plaintiff has suffered actual damages in excess of Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact amount to be proven at trial, arising from the one and one-half percent (1 ½%) increase in the interest rate offered by her lender.

251809;tff;21399-1

27. On or about December 5, 2005, Plaintiff obtained a copy of her credit report which still reflected an amount due for the alleged debt reported by New Horizon. A true and correct copy of Plaintiff's credit report dated December 5, 2005, is attached hereto as Exhibit "1" and incorporated herein by this reference.

28. On or about January 18, 2005, Plaintiff, by and through her counsel, contacted New Horizon after numerous telephone calls to Plaintiff from New Horizon. Plaintiff's counsel again requested that New Horizon cease and desist any further efforts to collect on the alleged debt and was informed that New Horizon would close its file and notify the credit bureaus of its error.

29. On or about January 19, 2005, and despite knowing that Plaintiff was represented by counsel and all communications were to be directed at Plaintiff's counsel, New Horizon made several telephone calls directly to Plaintiff and failed and refused to cease and desist its collection efforts on the invalid alleged debt.

30. On or about January 20, 2006, Plaintiff, by and through her counsel, sent a final demand letter to New Horizon via facsimile and regular mail. A true and correct copy of Plaintiff's final demand letter is attached hereto as Exhibit "2" and incorporated herein by this reference.

31. Despite Plaintiff's final demand letter, New Horizon attempted to contact Plaintiff directly and refused to deal through Plaintiff's counsel.

## COUNT ONE

**(Violation of the Fair Debt Collection Practices Act – 15 U.S.C. §1692 *et.seq.*)**

32. Plaintiff hereby incorporates in to reference each of the allegations set forth in Paragraphs 1 through 31 of this Complaint as though fully set forth hereinafter.

33. Plaintiff's alleged credit card debt with AT&T Universal/Citibank gave rise to a "consumer" debt as defined by the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C. § 1692, *et.seq.*, because it was created primarily for personal, family or household purposes.

34. Upon information and belief, at all times material hereto, New Horizon is and was a collection agency engaged in the business of collecting the debts of others owed to individuals and/or entities.

35. At all times material hereto, Jason Galloway was acting within the scope of his employment with New Horizon as a collector of debts allegedly owed to New Horizon by Plaintiff.

36. New Horizon engaged in misleading and/or deceptive collection practices by making false representations as to the collection of the alleged debt, to secure Plaintiff's return phone call, and as to the amount owed and the legal status of Plaintiff's alleged debt.

37. New Horizon engaged in misleading and/or deceptive collection practices by communicating credit information which it knew, or should have known, to be false to the credit reporting agencies. In addition, New Horizon failed to remove the alleged debt from Plaintiff's credit report when it knew, or should have known, that the alleged debt was not valid.

38. New Horizon has engaged in unfair collection practices by attempting to collect amounts allegedly owed by Plaintiff that were not permitted by law.

39. New Horizon failed to comply with 15 U.S.C. § 1692g(a).

40. As a direct and proximate result of New Horizon's violations of the FDCPA, and pursuant to 15 U.S.C. § 1692k(a)(1), Plaintiff has suffered and is entitled to actual damages in an amount not less than Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact amount to be proven at trial.

41. As a direct and proximate result of New Horizon's violations of the FDCPA, and pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff is entitled to statutory damages in the amount of One Thousand Dollars ($1,000.00), the exact amount to be proven at trial.

42. Plaintiff has and will incur reasonable attorneys' fees in bringing and maintaining this action in the minimum sum of Two Thousand Five Hundred Dollars ($2,500.00). Plaintiff's reasonable attorneys' fees and costs are recoverable under and 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays for judgment against Defendant New Horizon Credit, Inc., as follows:

A. For judgment against New Horizon for actual damages in the amount of at least Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact sum to be proven at trial;

B. For judgment against New Horizon for statutory damages in the amount of One Thousand Dollars ($1,000.00);

C. For Plaintiff's reasonable attorneys' fees incurred in pursuing this action and in the event of default, in the minimum amount of Two Thousand Five Hundred Dollars ($2,500.00);

D. For Plaintiff's costs incurred and expended herein;

E. For Plaintiff's reasonable attorneys' fees and costs to be incurred in connection with the enforcement of the judgment to be entered herein, together with interest at the highest legal rate on said sums; and,

F. For such other and further relief as this Court deems just and proper.

## COUNT TWO

**(Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681 *et seq.*)**

43. Plaintiff hereby incorporates by reference each of the allegations set forth in Paragraphs 1 through 42 of this Complaint as though fully set forth hereinafter.

44. Pursuant to the Fair Credit Reporting Act (the "FCRA"), codified as 15 U.S.C. § 1681, *et seq.*, New Horizon was a furnisher of information to consumer reporting agencies, including information regarding Plaintiff's alleged debt to Citibank.

45. Pursuant to the FCRA, specifically 15 U.S.C. § 1681s-2(b)(1), New Horizon had a duty as a furnisher of information to conduct an investigation regarding Plaintiff's dispute of the alleged debt and upon finding that the information was inaccurate to notify the credit reporting agencies of said inaccuracy.

46. After October 25, 2005, New Horizon failed to perform the duties required under 15 U.S.C. § 1681s-2(b)(1)(d) within the time required under 15 U.S.C. § 1681s-2(b)(2).

47. As a direct and proximate result of New Horizon's violations of the FRCA, and pursuant to 15 U.S.C. § 1681n(a)(1)(A) or alternatively § 1681o(a)(1), Plaintiff has suffered and is entitled to actual damages in an amount not less than Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact amount to be proven at trial.

48. As a direct and proximate result of New Horizon's violations of the FRCA, and pursuant to 15 U.S.C. § 1681n(a)(1)(B), Plaintiff is entitled to statutory damages in the amount of One Thousand Dollars ($1,000.00), the exact amount to be proven at trial.

49. New Horizon's violations of the FCRA to the detriment of Plaintiff constituted willful noncompliance.

50.     New Horizon acted with an evil mind, fraudulently, willfully, wantonly, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests and subjected Plaintiff's to unjust hardship, knowing that its conduct was substantially likely to vex, annoy, and injure Plaintiff. As a result of the conduct of New Horizon, and pursuant to 15 U.S.C. § 1681n(a)(2), Plaintiff is entitled to an award of punitive damages against New Horizon in an amount not less than One Hundred Thousand Dollars ($100,000.00), the exact sum to be proven at trial.

51.     Plaintiff has and will incur reasonable attorneys' fees in bringing and maintaining this action in the minimum sum of Two Thousand Five Hundred Dollars ($2,500.00). Plaintiff's reasonable attorneys' fees and costs are recoverable under and 15 U.S.C. § 1681n(a)(3) or alternatively § 1681o(a)(2).

WHEREFORE, Plaintiff prays for judgment against Defendant New Horizon, Inc., as follows:

A.      For judgment against New Horizon for actual damages in the amount of at least Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact sum to be proven at trial;

B.      For judgment against New Horizon for statutory damages in the amount of One Thousand Dollars ($1,000.00);

C.      For punitive damages in the amount of at least One Hundred Thousand Dollars ($100,000.00), the exact amount to be proven at trial;

D.      For Plaintiff's reasonable attorneys' fees incurred in pursuing this action and in the event of default, in the minimum amount of Two Thousand Five Hundred Dollars ($2,500.00);

E.      For Plaintiff's costs incurred and expended herein;

F.  For Plaintiff's reasonable attorneys' fees and costs to be incurred in connection with the enforcement of the judgment to be entered herein, together with interest at the highest legal rate on said sums; and,

G.  For such other and further relief as this Court deems just and proper.

### COUNT THREE

### (Pendent State Claim - Defamation)

52. Plaintiff hereby incorporates by reference each of the allegations set forth in Paragraphs 1 through 51 of this Complaint as though fully set forth hereinafter.

53. New Horizon conveyed information regarding Plaintiff's credit to third parties, the credit reporting agencies.

54. The information conveyed by New Horizon to the credit reporting agencies was false and New Horizons had a duty to notify the credit reporting agencies of any inaccuracies in said information regarding Plaintiff's credit.

55. New Horizon's continued publication of false information regarding Plaintiff's credit without notice of inaccuracies was defamatory in nature and negatively affected Plaintiff's credit.

56. As a direct and proximate result of New Horizon's defamatory statements, Plaintiff has suffered and is entitled to actual damages in an amount not less than Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact amount to be proven at trial.

57. New Horizon acted with an evil mind, fraudulently, willfully, wantonly, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests and subjected Plaintiff's to unjust hardship, knowing that its conduct was substantially likely to vex, annoy, and injure Plaintiff. As a result of the conduct of New Horizon, Plaintiff is entitled to an award of punitive damages against New Horizons in an amount not less than One Hundred Thousand Dollars ($100,000.00), the exact amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant New Horizon Credit, Inc., as follows:

A. For judgment against New Horizon for actual damages in the amount of at least Fourteen Thousand Five Hundred Dollars ($14,500.00), the exact sum to be proven at trial;

B. For judgment against New Horizon for statutory damages in the amount of One Thousand Dollars ($1,000.00);

C. For punitive damages in the amount of at least One Hundred Thousand Dollars ($100,000.00), the exact amount to be proven at trial;

D. For Plaintiff's reasonable attorneys' fees incurred in pursuing this action and in the event of default, in the minimum amount of Two Thousand Five Hundred Dollars ($2,500.00);

E. For Plaintiff's costs incurred and expended herein;

F. For Plaintiff's reasonable attorneys' fees and costs to be incurred in connection with the enforcement of the judgment to be entered herein, together with interest at the highest legal rate on said sums; and,

G. For such other and further relief as this Court deems just and proper.

## COUNT FOUR

**(Pendent State Claim - Negligent Infliction of Emotional Distress)**

58. Plaintiff hereby incorporates by reference each of the allegations set forth in Paragraphs 1 through 57 of this Complaint as though fully set forth hereinafter.

59. As a direct and proximate result of New Horizon's conduct, Plaintiff was subjected to embarrassment and suffered emotional distress as a result of being denied credit.

60. As a direct and proximate result of New Horizon's conduct, Plaintiff has suffered emotional distress as a result of Plaintiff's frustration in her numerous attempts to have New Horizon remove the alleged debt from her credit report.

61. New Horizon acted with an evil mind, fraudulently, willfully, wantonly, maliciously, oppressively, and with callous and intentional or negligent disregard of Plaintiff's interests and subjected Plaintiff's to unjust hardship, knowing that its conduct was substantially likely to vex, annoy, and injure Plaintiff. As a result of the conduct of New Horizon, Plaintiff is entitled to an award of punitive damages against New Horizons in an amount not less than One Hundred Thousand Dollars ($100,000.00), the exact amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant New Horizon Credit, Inc., as follows:

A. For judgment against New Horizon for actual damages in an amount to be proven at trial;

B. For punitive damages in the amount of at least One Hundred Thousand Dollars ($100,000.00), the exact amount to be proven at trial;

C. For Plaintiff's costs incurred and expended herein; and,

D. For such other and further relief as this Court deems just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff hereby respectfully requests this matter be tried in the presence of a jury.

**DATED** this 9th day of February, 2006.

                                  **RIDENOUR, HIENTON, KELHOFFER, LEWIS & GARTH, P.L.L.C.**

                                  By  /s/ Brian D. Myers
                                        Brian D. Myers
                                        Attorneys for Plaintiff